UNITED STATE STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

HEDGECO, LLC d/b/a HEDGECO NETWORKS )
)
          Plaintiff, ) Case No. **08 CV 00494**
) (SHS)
)
-against- )
)
JEFFREY SCHNEIDER and )
JARED TOREN, ) **COMPLAINT**
          Defendants. )

---------------------------------------------------------------x

**COPY**

The Plaintiff, HEDGECO, LLC d/b/a HEDGECO NETWORKS by and through their undersigned counsel, allege and complain of the DEFENDANTS JEFFREY SCHNEIDER and JARED TOREN as follows:

**The Parties and Diversity of Citizenship**

1. Plaintiff, HEDGECO, L.L.C. doing business as HEDGECO NETWORKS ("HEDGECO") was and remains a Florida Limited Liability Corporation, duly authorized to do business in the State of New York.

2. HEDGECO maintains an office at 1350 Avenue of the Americas 24th Floor New York, NY 10019.

3. Defendant JEFFREY SCHNEIDER ("SCHNEIDER") is a natural person residing in the State of Texas and who maintains an office therein at 6836 Bee Caves Road Ste. 245 Austin Texas 78746 (Travis County).

1

4. Defendant JARED TOREN ("TOREN") is a natural person residing in the State of Texas and who maintains an office therein at 6836 Bee Caves Road Ste. 245 Austin Texas 78746 (Travis County).

**Jurisdiction**

5. There is complete diversity of citizenship pursuant to 23 U.S.C. §1332 et seq.

6. The cause of action involves a controversy for monetary damages in excess of $75,000.00, in addition to equitable relief.

**Venue**

7. Upon information and belief, material acts and transactions at issue between Plaintiff and Defendants occurred with the person of Richard Bronson ("Bronson"), an individual with a residence address of 62 Watts Street #2, New York, NY, the investment firm of Himelstein Mandel Investment Fund ("HMF") with an office at 45 Rockefeller Plaza, Suite 2032 New York, NY 10111, and the leveraged buy-out firm of Holding Capital Group ("HGG") with an office at 630 Third Avenue NY, NY 10017.

**Count One  (breach of contract)**

8. Plaintiff re-states and re-alleges paragraphs 1-7 as if fully set forth herein.

9. At all times relevant, HEDGECO was and remains an internet information portal which allows subscribing members to communicate with and access hedge fund entities for the potential of establishing investment relationships.

10. In the course of its business, HEDGECO, owns or has legal title to subscribing member lists and other, related proprietary and confidential information HEDGECO has developed or lawfully obtained.

11. At all times relevant, Evan Rappaport ("Rappaport") was and remains the Chief Executive Officer ("CEO") of HEDGECO.

12. Commencing on or about August 16, 2006, to or about October 2, 2007, and at all times relevant, Defendant SCHNEIDER had a contractual relationship with HEDGECO as a potential managing director for HEDGECO.

13. On or about August 16, <u>2006</u>, HEDGECO and SCHNIEDER entered into a Mutual confidentiality and non-circumvent Agreement (the "**Mutuality Agreement**"). A copy of the Mutuality Agreement is appended as Exhibit "A".

14. Pursuant to the terms of the **Mutuality Agreement**, Section "1." thereof, confidential information includes without limitation: Business records and plans, customer lists and records, trade secrets, pricing structure, and other proprietary information as may be brought to the attention of the parties. Pursuant to section "1.1" thereof, SCHNEIDER agreed to keep

and to hold confidential, all proprietary information or trade secrets in trust and confidence from the date thereof to a period of time for 12 months after termination of the Mutuality Agreement.

15. Commencing on or about February 26, 2007 to or about October 2, 2007, and at all times relevant, Defendant TOREN was an employee of HEDGECO.

16. On or about February 26, 2007, the HEDGECO and TOREN entered into an Employee Confidentiality and Unfair Competition Agreement (the "**Employment Agreement**"). A copy of the Employment Agreement is appended as Exhibit "B".

17. Pursuant to Paragraph 3(b) of the **Employment Agreement**, TOREN was expressly prohibited from soliciting or contacting any of the HEDGECO's customers, clients, or brokers with whom TOREN has had contact during the term of his employment with HEDGECO and for a period of two (2) years thereafter.

18. On or about July 2007, while the **Mutuality Agreement** and the **Employment Agreement** were both in full force and effect, Bronson of New York, NY, became a potential customer of HEDGECO and was entered into HEDGECO's proprietary database.

19. Despite the foregoing as confidential and proprietary to HEDGECO, Defendant SCHNEIDER, directly or indirectly, approached Richard Bronson to solicit him to invest in

4

HMF *in lieu of* HEDGECO. In the course of such solicitation, SCHNEIDER provided Bronson's contact information to HMF.

20. Despite the foregoing as confidential and proprietary to HEDGECO, Defendant TOREN, directly or indirectly, approached Bronson to solicit him to invest in HMF *in lieu of* HEDGECO. In the course of such solicitation, TOREN provided Bronson's contact information to HMF.

21. As a result of the foregoing provisions of confidential and proprietary information to HMF, Bronson was caused to be solicited by HMF.

22. Upon information and belief, SCHNEIDER has provided other and further confidential and proprietary information to HMF.

23. Upon information and belief, TOREN has provided other and further confidential and proprietary information to HMF.

24. Upon information and belief, SCHNEIDER has provided other and further confidential and proprietary information that belongs to HEDGECO to third parties.

25. Upon information and belief, TOREN has provided other and further confidential and proprietary information that belongs to HEDGECO to third parties.

26. The forgoing was a material breach of the **Mutuality Agreement** that has caused irreparable loss and monetary damages to HEDGECO in the sum of approximately $500,000.

27. The forgoing was a material breach of the **Employment Agreement** that has caused irreparable loss and monetary damages to HEDGECO in the sum of approximately $500,000.

**Count Two (Tortious interference with contractual relations)**

28. Plaintiff re-states and re-alleges paragraphs 1-27 as if fully set forth herein.

29. At all times relevant, prior to and since leaving the employ or relationship with HEDGECO, Defendants formed or became associated with Onyx Global Advisors ("Onyx") an investment firm in Austin, Texas with an office located at 6836 Bee Caves Road Ste. 245 Austin, Texas.

30. Plaintiff's confidential and proprietary information has been disseminated to Onyx by the Defendant in order to unlawfully take customers and clients from HEDGECO.

31. Upon information and belief, Plaintiff's confidential and proprietary information has been disseminated to third parties by the Defendant in order to unlawfully take customers and clients from HEDGECO.

32. As a result of the unlawful usurpation of HEDGECO's confidential and proprietary information, as well as the dissemination thereof, Defendants have caused customers and clients of HEDGECO to cease to honor their express or implied contracts with HEDGECO and to do business with other and competing business entities and persons in lieu thereof, causing irreparable harm and monetary damages in the amount of at least $500,000.

**Count Three (Permanent Injunction)**

33. Plaintiff re-states and re-alleges paragraphs 1-32 as if fully set forth herein.

34. Pursuant to paragraph ("1.1") of the **Mutuality Agreement**, it was both acknowledged and agreed by SCHNEIDER that HEDGECO would suffer irreparable harm in the event of a breach of the agreement, and that HEDGECO was entitled to injunctive relief.

35. The forgoing was a material breach of the **Mutuality Agreement** that has caused irreparable loss and damage to HEDGECO, in addition to money damages.

36. Pursuant to paragraph "4." of the **Employment Agreement**, it was both acknowledged and agreed by TOREN that HEDGECO would suffer irreparable harm in the event of a breach of the agreement, and that HEDGECO was entitled to injunctive relief as a cumulative and not necessarily successive and exclusive remedy in addition to monetary damages.

37. The forgoing was a material breach of the **Employment Agreement** that has caused irreparable loss and damage to HEDGECO, in addition to money damages

38. Additionally, as recently as December 2007, the Defendants jointly and severally attempted to obtain the business of HCG, a client and customer of HEDGECO in violation of their respective agreements.

39. As a result of the foregoing, Plaintiff is entitled to injunctive relief against SCHNEIDER.

40. As a result of the foregoing, Plaintiff is entitled to injunctive relief against TOREN.

**Count Four (Judicial Accounting)**

41. Plaintiff re-states and re-alleges paragraphs 1-40 as if fully set forth herein.

42. As a result of the breaches and unlawful usurpation of HEDGECO's confidential and proprietary information, Defendants have taken such valuable information and profits via commissions and investment fees such that Plaintiff is entitled to a judicial accounting.

**Wherefore**, the Plaintiff is entitled to judgment against the Defendants, individually and collectively, for (1) money damages in the sum of an amount greater than $500,000; (2) a permanent injunction that causes the cessation of use of proprietary and confidential information belonging to HEDGECO, (2) a judicial accounting; (4) costs, (5) reasonable attorneys fees, and (6) for such other and further relief deemed appropriate in the discretion of the court.

Dated: January 17, 2008
       New York, NY

                                    Yours, etc.

                                    Law Office of Brian Reis, Esq.
                                    **Attorney for the Plaintiff**
                                    80 Broad Street 33rd Floor
                                    New York, NY 10004
                                    Tel. 212.785.5170

                                    By: _____
                                    Andrew Small, Esq. (AS-1294)
                                    Direct Dial 212.983.0921
                                    Fax 212.646.1073
                                    E-mail: ABSLawyer@comcast.net

UNITED STATE STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
HEDGECO, LLC *d/b/a* HEDGECO NETWORKS   )
                                        )
                          Plaintiff,    )   **Case No. 08 CV 00494**
                                        )   (SHS)
                                        )
-against-                               )
                                        )
JEFFREY SCHNEIDER and                   )
JARED TOREN,                            )
                                        )
                          Defendants.   )
---------------------------------------------------------x


# COMPLAINT


Law Office of Brian Reis, P.C.
**Attorney for the Plaintiff**
80 Broad Street 33rd Floor
New York, NY 10004
Tel. 212.785.5170

10