UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
                                                    :
HEDGECO, LLC d/b/a HEDGECO NETWORKS,         Case No.: 08 CV 0494 (SHS)
                                                    :
                              Plaintiff,
                                                    :    **MEMORANDUM OF LAW**
          – against –
                                                    :
JEFFREY SCHNEIDER and JARED TOREN,
                                                    :
                              Defendants.
                                                    :
———————————————————————

       Defendants, Jeffrey Schneider and Jared Toren, respectfully submit this memorandum of law in opposition to the request for preliminary injunctive relief, and in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint of plaintiff, Hedgeco LLC ("Hedgeco").

## Introduction

       Hedgeco is an Internet information portal.  *See* Affidavit of Evan Rapoport, dated January 17, 2008 ("Rapoport Aff.").  On the Hedgeco web site, hedge fund managers can post information on their strategies and return, in order to attract interest from qualified investors; and, potential investors can learn more about the industry.  Hedgeco claims 20,000 members, most of which are companies whose contact information is of public record.  The members pay no fee for the so-called matchmaking services on the site.  To call Hedgeco's members "clients" worthy of protection is inaccurate and wildly overbroad.  What Hedgeco has is a database of subscribers to its web site.

       Hedgeco alleges that defendants, in violation of their respective employment contracts, (i) sought a meeting with Hedgeco "client" Sash Spencer of the investment firm Holding Capital

Group (HCG), (ii) solicited another Hedgeco "client," Richard Bronson, to invest in the Himelstein Mandel Investment Fund (HMF), and (iii) provided unspecified, confidential information to HMF and other, unidentified third parties.  Hedgeco also alleges that defendants formed their own investment firm, Onyx Global Advisors, in Austin, Texas, and are taking away Hedgeco "clients."

Onyx is not, like Hedgeco, *i.e.*, an Internet portal.  Onyx's business is introducing potential investors to alternative investment products, including hedge funds.  Onyx is not preventing the wealthy, potential investors it meets with from investing in any number of potential investment vehicles.  Hedgeco thus has no legitimate business interest served by the restrictive covenants in these employment contracts.

## ARGUMENT

### Legal Standard on the Motion to Dismiss and
### Request for Preliminary Injunctive Relief

When considering a Rule 12(b)(6) motion to dismiss, the court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  *Levitt v. Bear Stearns & Co.*, 340 F.3d 94, 101 (2d Cir. 2003) (internal quotation marks omitted).  More recently, the U.S. Supreme Court declared that to survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

The Court assumes the truth of all facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff.  *Cleveland v. Caplaw Enterps.*, 448 F.3d 518, 521 (2d Cir. 2006).  The pleadings are deemed to include any written instrument

attached to them as an exhibit or any documents incorporated by reference; and, the court may consider them. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Where the provisions of such an employment agreement incorporated into the complaint are defective, judgment on the pleadings is appropriate. *See Heartland Secs. Corp. v. Gerstenblatt*, 2000 U.S. Dist. LEXIS 3496, *12 (S.D.N.Y., Mar. 22, 2000) (granting motion to dismiss breach of post-employment restrictive covenant claim on the pleadings).

As for the request for preliminary injunctive relief, it is well established that the movant must show: (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *Louis Vuitton Malletier v. Dooney & Burke, Inc.*, 454 F.3d 108, 113-14 (2d Cir. 2006).

## Point I

### Florida Law Governs the Enforceability of the Contracts

Hedgeco does not specify what state's law applies to their breach-of-contract claim. Presumably, they are applying New York law. The only case they cite in the one-page argument section of their brief is *Orange County Choppers, Inc. v. Olaes Enterps.*, Inc., 497 F. Supp. 2d 541 (S.D.N.Y. 2007). The case applies general principles of New York contract law to a trademark licensing dispute. It does not involve restrictive covenants.

Here, both of the contracts contain Florida choice of law provisions. Jeffrey Schneider's contract states, "This Agreement shall be construed in accordance with the laws of the State of Florida." Rapoport Aff., Ex. A, ¶ 5. Jared Toren's contract has two such provisions: "This Agreement shall be governed by the laws of the State of Florida . . .;" and, "This agreement shall be enforced and controlled by the laws of Florida." Id., Ex. B, ¶¶ 7, 12.

**Point II**

**Hedgeco Fails to State a Claim for Breach of Contract, or to
Provide Support for Preliminary Injunctive Relief**

Before reaching Hedgeco's allegations of breach, the court must first determine the validity and enforceability of the contracts, which are governed by the Florida Trade Secrets Act, Florida Statutes § 542.335. This section defines the term "legitimate business interest," to include trade secrets, as defined in § 668.002(4); valuable confidential business or professional information that otherwise does not qualify as trade secrets; substantial relationships with specific prospective or existing customers or clients; and customer or client goodwill associated with a specific marketing or trade area. Fla. Stat. 542.335(1)(b).

Where, as here, the restrictive covenant is unsupported by a legitimate business interest, the covenant is "unlawful and is void and unenforceable." Fla. Stat. 542.335(1)(b); *see also Pirtek USA, LLC v. Wilcox*, 2006 U.S. Dist. LEXIS 41569, *11 (M.D. Fla., Jun. 21, 2006) (denying preliminary injunctive relief, holding "there can be no substantial likelihood that Pirtek will prevail on the merits of the case [because its] restrictive covenant not supported by a legitimate business interest is unlawful and is void and unenforceable").

Hedgeco did not, and apparently cannot, identify a legitimate business interest, except perhaps diverting subscribers to a competing Internet information portal. There are no such allegations here. The contract is therefore void and unenforceable as a matter of law.

Nor is there anything in the complaint that suggests the parties are competing. Hedgeco provides hedge fund information services through online portals and publications. Onyx is a third-party marketer.

**Point III**

**Hedgeco Fails to State a Claim for Tortious
Interference with Contractual Relations**

To establish a claim of tortious interference with contract, New York law "requires proof of (1) the existence of a valid contract between plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procuring of the breach, and (4) damages." *Foster v. Churchill*, 87 N.Y.2d 744, 749-50, 665 N.E.2d 153, 156, 642 N.Y.S.2d 583, 586 (1996).

Hedgeco has not stated a claim, because they failed to allege facts to support the existence of valid contracts with any third parties, or breaches of any such contracts. *See Kasada, Inc. v. Access Capital, Inc.*, 2004 U.S. Dist. LEXIS 25257, at * 63-64 (S.D.N.Y., Dec. 14, 2004) (granting the defendant's motion to dismiss, where the plaintiff failed to specify the contracts it claimed were breached or the business relations it was prevented from going forward as a result of the defendant's, and also failed to identify the third parties it had either a contractual or prospective business relationships with); *150 East 58th Street Partners v. Wilkhahn Wilkening & Hahn GmbH*, 1998 U.S. Dist. LEXIS 1701, at *4-5 (S.D.N.Y., Feb. 18, 1998) (Stein, J.) (granting the defendant's motion to dismiss).

The only conceivable contracts Hedgeco alludes to are subscriber agreements between the web site and members. But Hedgeco does not allege that any of those contracts were breached, or that they lost any subscribers or potential subscribers. Accordingly, count two should be dismissed.

**Point IV**

**Hedgco Fails to State a Claim for Accounting and Permanent Injunction
Because they are Remedies, Not Causes of Action**

An accounting is a remedy provided for under state law.  "It is not a basis for liability and therefore is not ascertainable as a cause of action."  *Microsoft Corp. v. AGA Solutions, Inc.*, 2007 U.S. Dist. LEXIS 19241, at *21 (S.D.N.Y., Mar. 12, 2007) (granting motion to dismiss an accounting claim).  The same is true for a permanent injunction.  Accordingly, counts three (permanent injunction) and four (judicial accounting) should be dismissed.

**Conclusion**

Hedgeco presents a fatally-thin, and legally-infirm, basis for preliminary injunctive relief or grounds for liability.  The request for preliminary injunctive relief should be denied, and the complaint dismissed in its entirety, with prejudice.

Dated: New York, New York
        February 15, 2008

FELDMAN WEINSTEIN & SMITH LLP

By:    s/Eric Weinstein
       Eric Weinstein (EW 5423)
       David J. Galalis (DG 1654)
       420 Lexington Avenue
       New York, New York
       (212) 869-7000

       Attorneys for Defendants