UNITED STATE STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x
HEDGECO, LLC *d/b/a* HEDGECO NETWORKS    )
                                          )
                        Plaintiff,        )     Case No. **08 CV 00494**
                                          )            (SHS)
                                          )
-against-                                 )
                                          )
JEFFREY SCHNEIDER and                     )
JARED TOREN,                              )
                                          )
                        Defendants.       )
_____x

## CERTIFICATE OF SERVICE

**Please take notice** that on the 24th day of March 2008, the undersigned attorney for the Plaintiff served a true copy of the document subpoenas to Jeffrey Schneider, Jared Toren and Onyx Global Advisors and the associated affidavits of service upon:

Eric Weinstein, Esq.
Feldman Weinstein & Smith LLP
420 Lexington Avenue
New York, New York 10170

By depositing a true copy of the foregoing in a properly addressed, stamped envelope in an official repository of United States Postal Service in the City and State of New York.

Dated: March 24, 2008
       New York, NY

_____
Andrew Small Esq. (AS-1294)
Law Office of Brian Reis, Esq.
**Attorney for the Plaintiff**
80 Broad Street 33rd Floor
New York, NY 10004
Direct Dial 212.983.0921
Fax 212.646.1073
E-mail: ABSLawyer@comcast.net

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

HEDGECO LLC d/b/a HEDGECO NETWORKS

V.

JEFFREY SCHNEIDER and JARED TOREN

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08 CV 00494 (SHS)

TO: JEFFREY SCHNEIDER
6836 Bee Caves Road Ste. 245 Austin
Texas 78746

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**The documents requested are set forth in List "A" attached hereto and are demanded in preparation for the Preliminary Injunction Hearing in this matter.**

| PLACE  Law Office of Andrew Small, Esq. 230 Park Avenue Ste. 2525 New York, NY 10169 | DATE AND TIME  March 17, 2008 at 10:00AM |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  March 11, 2008 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Andrew Small, Esq. (AS-1294)
230 Park Avenue Ste. 2525 New York, NY 10169 Tel. 212.983.0921

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE 3-13-08 | PLACE 6836 BEE CAVES RD STE #245 AUSTIN TEXAS 78746 |
|---|---|---|
| SERVED | JEFFREY SCHNEIDER by serving SARAH WILLIAMS, OFFICE MANAGER IN PERSON | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | IN PERSON |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| FLOYD BOUDREAUX | SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    3-13-08
                  DATE

3-14-2008
Suzanne Coker

[Notary stamp: SUZANNE COKER, MY COMMISSION EXPIRES]

SIGNATURE OF SERVER

ADDRESS OF SERVER
710 S. CONGRESS STE 101
AUSTIN, TX

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# AFFIDAVIT OF SERVICE

COUNTY:                CASE # 08CV00494(SHS)              COURT
                                              Clt. Ref.#              Clt.# 17463

HEDGECO LLC D/B/A HEDGECO NETWORKS

VS
JEFFREY SCHNEIDER AND JARED TOREN


The documents came to hand for service on 03/13/08  Time: 09:18:42

Documents received for service:

**SUBPOENA IN A CIVIL CASE WITH LIST "A" ATTACHED**


The documents were delivered on 03/13/08  **Time: 10:40:00**

Executed at: 6836 Bee Caves Rd Ste #245
             Austin, TX 78746
to the following: **Schneider, Jeffrey**
                  **By Delivering To Sarah Williams, Office Manager.**


  ✓   PERSONALLY delivering the document(s) to the person above.
____  SUBSTITUTE SERVICE per Order by delivering to _____a person
      over sixteen (16) years of age, at the above listed address which is the usual
      place of abode/business of the above named person.
____  POSTING per Order by securely affixing to the main entry way at the above address.

## AFFIDAVIT

I, Floyd J Boudreaux_____,am over the age of eighteen, and am neither a
party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE
FACTS SET FORTH ABOVE.  I have never been convicted of a felony or misdemeanor involving
moral turpitude in any state OR federal jurisdicition, and I have studied and am familiar
with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES
CODE and all other applicable rules and statutes relating to service of citation and/or
notices I am authorized by written order of the court to serve citations and other notices.

Service Fee:____85.00____
                                          Floyd J Boudreaux
Witness Fee Tendered:_____.00             Texas LIC#: SCH-3506
                                          Professional Civil Process Downtown
Mileage:_____.00____                      510 South Congress Ave.Ste 207

STATE OF TEXAS}                           Austin TX 78704
                     VERIFICATION

On this day Floyd J Boudreaux appeared before me, a notary public, and being duly
sworn by me stated that he/she has personal knowledge of the facts set forth in the
foregoing affidavit and declared that the facts contained therein are true and
correct. Given my hand and seal of office this __/__ day of _March_ 200_8_.


PCP Inv. #Z80300168    amvk
                                          _____
                                          NOTARY PUBLIC FOR THE STATE OF TEXAS

AX02Z80300168

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

HEDGECO LLC d/b/a HEDGECO NETWORKS

V.

JEFFREY SCHNEIDER and JARED TOREN

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  08 CV 00494 (SHS)

TO: JARED TOREN
6836 Bee Caves Road Ste. 245 Austin
Texas 78746

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**The documents requested are set forth in List "A" attached hereto and are demanded in preparation for the Preliminary Injunction Hearing in this matter.**

| PLACE | DATE AND TIME |
| --- | --- |
| Law Office of Andrew Small, Esq. 230 Park Avenue Ste. 2525 New York, NY 10169 | March 17, 2008 at 10:00AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] | March 11, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Andrew Small, Esq. (AS-1294)
230 Park Avenue Ste. 2525 New York, NY 10169 Tel. 212.983.0921

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE 3-13-08 | PLACE 6836 BEE CAVES RD STE # 245 AUSTIN TX 78746 |
|---|---|---|
| SERVED | JARED BREV by serving Sarah Williams office manager | IN PERSON |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | FLOYD J. BOUDREAUX | SERVER TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___3-13-08___
DATE

3-14-2008
Suzanne Coker

SUZANNE COKER
MY COMMISSION EXPIRES
August 30, 2011

SIGNATURE OF SERVER

505 S. CONGRESS ST #200
ADDRESS OF SERVER

AUSTIN, TX

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| COUNTY: | CASE # 08CV00494(SHS) | COURT |
| | Clt. Ref.# | Clt.# 17463 |

HEDGECO LLC D/B/A HEDGECO NETWORKS

VS
JEFFREY SCHNEIDER AND JARED TOREN

The documents came to hand for service on 03/13/08  Time: 09:18:42

Documents received for service:

**SUBPOENA IN A CIVIL CASE WITH LIST "A" ATTACHED**

The documents were delivered on 03/13/08  **Time: 10:40:00**

Executed at: 6836 Bee Caves Rd Ste #245
             Austin, TX 78746
to the following: **Toren, Jared**
             **By Delivering To Sarah Williams, Office Manager.**

✓ _____ PERSONALLY delivering the document(s) to the person above.
_____ SUBSTITUTE SERVICE per Order by delivering to _____ a person over sixteen (16) years of age, at the above listed address which is the usual place of abode/business of the above named person.
_____ POSTING per Order by securely affixing to the main entry way at the above address.

### AFFIDAVIT

I, Floyd J Boudreaux _____ , am over the age of eighteen, and am neither a party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE FACTS SET FORTH ABOVE. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state OR federal jurisdicition, and I have studied and am familiar with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES CODE and all other applicable rules and statutes relating to service of citation and/or notices I am authorized by written order of the court to serve citations and other notices.

Service Fee: 85.00

Witness Fee Tendered: .00

Mileage: .00

Floyd J Boudreaux
Texas LIC#: SCH-3506
Professional Civil Process Downtown
510 South Congress Ave. Ste 207
Austin TX 78704

STATE OF TEXAS }
             VERIFICATION

On this day Floyd J Boudreaux appeared before me, a notary public, and being duly sworn by me stated that he/she has personal knowledge of the facts set forth in the foregoing affidavit and declared that the facts contained therein are true and correct. Given my hand and seal of office this 14 day of March 2008.

Suzanne Coker
NOTARY PUBLIC FOR THE STATE OF TEXAS

PCP Inv. #Z80300167   amvk

AX02Z80300167

SUZANNE COKER
MY COMMISSION EXPIRES
August 30, 2011

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

HEDGECO LLC d/b/a HEDGECO NETWORKS

**SUBPOENA IN A CIVIL CASE**

V.

JEFFREY SCHNEIDER and JARED TOREN

Case Number:[1] 08 CV 00494 (SHS)

TO: ONYX GLOBAL ADVISORS
6836 Bee Caves Road Ste. 245 Austin
Texas 78746

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**The documents requested are set forth in List "A" attached hereto and are demanded in preparation for the Preliminary Injunction Hearing in this matter.**

| PLACE Law Office of Andrew Small, Esq. 230 Park Avenue Ste. 2525 New York, NY 10169 | DATE AND TIME March 17, 2008 at 10:00AM |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE March 11, 2008 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Andrew Small, Esq. (AS-1294)
230 Park Avenue Ste. 2525 New York, NY 10169 Tel. 212.983.0921**

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE 3-13-08 | PLACE 6836 BEE CAVES RD STE #240, AUSTIN, TEXAS 78746 |
|---|---|---|
| SERVED | ONYX GLOBAL ADVISORS BY SERVING | |

| SERVED ON (PRINT NAME) SARAH WILLIAMS, OFFICE MANAGER | MANNER OF SERVICE IN PERSON |
|---|---|

| SERVED BY (PRINT NAME) FLOYD J. BOUDREAUX | TITLE SERVER |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  3-13-08
DATE

3-14-2008
Suzanne Coker

SUZANNE COKER
MY COMMISSION EXPIRES
August 30, 2011

SIGNATURE OF SERVER

510 S. CONGRESS STE 207
ADDRESS OF SERVER

AUSTIN, TX

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# AFFIDAVIT OF SERVICE

| COUNTY: SOUTHERN DIST | CASE # 08CV00494(SHS) | COURT | |
|---|---|---|---|
| | | Clt. Ref.# | Clt.# 17463 |

HEDGECO LLC D/B/A HEDGECO NETWORKS

VS
JEFFREY SCHNEIDER AND JARED TOREN

The documents came to hand for service on 03/13/08   Time: 09:18:42

Documents received for service:

**SUBPOENA IN A CIVIL CASE WITH LIST "A" ATTACHED**

The documents were delivered on 03/13/08   Time: 10:40:00

Executed at: 6836 Bee Caves Rd Ste #245
             Austin, TX 78746
to the following: **Onyx Global Advisors**
                  **By Serving Anyone Authorized To Accept**
                  **By Delivering To Sarah Williams, Office Manager.**

✓  PERSONALLY delivering the document(s) to the person above.
___  SUBSTITUTE SERVICE per Order by delivering to _____ a person over sixteen (16) years of age, at the above listed address which is the usual place of abode/business of the above named person.
___  POSTING per Order by securely affixing to the main entry way at the above address.

## AFFIDAVIT

I, Floyd J Boudreaux                       , am over the age of eighteen, and am neither a party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE FACTS SET FORTH ABOVE. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state OR federal jurisdicition, and I have studied and am familiar with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES CODE and all other applicable rules and statutes relating to service of citation and/or notices I am authorized by written order of the court to serve citations and other notices.

Service Fee: 85.00

Witness Fee Tendered: .00

Mileage: .00

Floyd J Boudreaux
Texas LIC#: SCH-3506
Professional Civil Process Downtown
510 South Congress Ave.Ste 207
Austin TX 78704

STATE OF TEXAS}
                    VERIFICATION

On this day Floyd J Boudreaux appeared before me, a notary public, and being duly sworn by me stated that he/she has personal knowledge of the facts set forth in the foregoing affidavit and declared that the facts contained therein are true and correct. Given my hand and seal of office this __14__ day of _March_ 200_8_.

NOTARY PUBLIC FOR THE STATE OF TEXAS

PCP Inv. #Z80300166   ashleyb

AX02Z80300166