UNITED STATE STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

HEDGECO, LLC d/b/a HEDGECO NETWORKS   )
                                      )
                         Plaintiff,   )   Case No. 08 CV 0494
                                      )            (SHS)
                                      )
-against-                             )
                                      ) **PLAINTIFF'S**
JEFFREY SCHNEIDER and                 ) **MOTION TO COMPEL**
JARED TOREN,                          ) **EXHIBIT LIST**
                         Defendants.  )
_____x


Exhibit A  -  Subpoenas and returns of service

Exhibit B – **List A** to subpoenas

Exhibit C – Document retention letter

Exhibit D – Service of subpoenas and List A to Defense


Dated: March 31, 2008
       New York, NY                Respectfully submitted,

                                   /s/

                                   _____
                                   Andrew Small, Esq. (AS-1294)
                                   **Attorney for Plaintiff**
                                   Brian Reis, P.C.
                                   80 Broad St. 33rd Floor
                                   New York, NY 10004
                                   **Direct Dial: 212.983.0921**
                                   **Direct Fax: 212.656.1037**

**To: Attorneys for Defendants**
Eric Weinstein (EW 5423)
FELDMAN WEINSTEIN & SMITH LLP
420 Lexington Avenue
New York, New York
(212) 869-7000

**EXHIBIT A**

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

HEDGECO LLC d/b/a HEDGECO NETWORKS

V.

JEFFREY SCHNEIDER and JARED TOREN

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08 CV 00494 (SHS)

TO: JEFFREY SCHNEIDER
6836 Bee Caves Road Ste. 245 Austin
Texas 78746

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**The documents requested are set forth in List "A" attached hereto and are demanded in preparation for the Preliminary Injunction Hearing in this matter.**

| PLACE Law Office of Andrew Small, Esq. 230 Park Avenue Ste. 2525 New York, NY 10169 | DATE AND TIME March 17, 2008 at 10:00AM |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE March 11, 2008 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Andrew Small, Esq. (AS-1294)
230 Park Avenue Ste. 2525 New York, NY 10169 Tel. 212.983.0921

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE 3-13-08 | PLACE 6836 BEE CAVES RD STE #247 AUSTIN, TEXAS 78746 |
|---|---|---|
| SERVED | JEFFREY SCHNEIDER by serving SARAH WILLIAMS, OFFICE MANAGER IN PERSON | |

SERVED ON (PRINT NAME): SARAH WILLIAMS, OFFICE MANAGER
MANNER OF SERVICE: IN PERSON

SERVED BY (PRINT NAME): FLOYD BOUDREAUX
TITLE: SERVER

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  3-13-08
DATE

SIGNATURE OF SERVER

3-14-2008
Suzanne Coker

ADDRESS OF SERVER: 510 S. CONGRESS STE 307, AUSTIN, TX

SUZANNE COKER
COMMISSION EXPIRES
August 15, 2011

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance;
 (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
 (iv) subjects a person to undue burden.
(B) If a subpoena
 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

‰AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

HEDGECO LLC d/b/a HEDGECO NETWORKS

V.

JEFFREY SCHNEIDER and JARED TOREN

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08 CV 00494 (SHS)

TO: JARED TOREN
6836 Bee Caves Road Ste. 245 Austin
Texas 78746

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**The documents requested are set forth in List "A" attached hereto and are demanded in preparation for the Preliminary Injunction Hearing in this matter.**

| PLACE | DATE AND TIME |
|---|---|
| Law Office of Andrew Small, Esq. 230 Park Avenue Ste. 2525 New York, NY 10169 | March 17, 2008 at 10:00AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | March 11, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Andrew Small, Esq. (AS-1294)
230 Park Avenue Ste. 2525 New York, NY 10169 Tel. 212.983.0921

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE 3-13-08 | PLACE 6536 BEE CAVES RD STE # 245 AUSTIN, TEXAS 78746 |
|---|---|---|
| SERVED | JARED BREW BY SERVING SARAH WILLIAMS OFFICE MANAGER IN PERSON | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | FLOYD J. BOUDREAUX | SERVER |
| | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  3-13-08
DATE

3-14-2008
Suzanne Coker

[Notary stamp: SUZANNE COKER MY COMMISSION EXPIRES August 30, 2011]

SIGNATURE OF SERVER

505 S. CONGRESS STE #20
ADDRESS OF SERVER

AUSTIN, TX

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ NEW YORK _____

HEDGECO LLC d/b/a HEDGECO NETWORKS

V.

JEFFREY SCHNEIDER and JARED TOREN

SUBPOENA IN A CIVIL CASE

Case Number:[1]   08 CV 00494 (SHS)

TO:  ONYX GLOBAL ADVISORS
     6836 Bee Caves Road Ste. 245 Austin
     Texas 78746

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The documents requested are set forth in List "A" attached hereto and are demanded in preparation for the Preliminary Injunction Hearing in this matter.

| PLACE  Law Office of Andrew Small, Esq. 230 Park Avenue Ste. 2525 New York, NY 10169 | DATE AND TIME  March 17, 2008 at 10:00AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  March 11, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Andrew Small, Esq. (AS-1294)**
**230 Park Avenue Ste. 2525 New York, NY 10169 Tel. 212.983.0921**

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE 3-13-08 | PLACE ONYX 6836 BEE CAVES RD STE #240 AUSTIN, TEXAS 78746 |
|---|---|---|
| SERVED | ONYX GLOBAL ADVISORS BY SERVING | |
| SERVED ON (PRINT NAME) | SARAH WILLIAMS, OFFICE MANAGER | MANNER OF SERVICE IN PERSON |
| SERVED BY (PRINT NAME) | FLOYD J. BOUDREAUX | TITLE SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  3-13-08
DATE

3-14-2008
Suzanne Coker

SUZANNE COKER
MY COMMISSION EXPIRES
August 30, 2011

SIGNATURE OF SERVER

510 S. CONGRESS STE 207
ADDRESS OF SERVER

AUSTIN, TX

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
HEDGECO, LLC d/b/a HEDGECO NETWORKS )
                                          Plaintiff, )   Case No. **08 CV 00494**
                                                   )       (SHS)

-against-

JEFFREY SCHNEIDER and
JARED TOREN,
                                        Defendants.
---------------------------------------------------------------x

### List "A"

1. All agreements between Jeffrey Schneider ("Schneider") and HEDGECO, LLC and/or its affiliates and subsidiaries ("HEDGECO").

2. All agreements between Jared Toren ("Toren") and HEDGECO, LLC and/or its affiliates and subsidiaries ("HEDGECO").

3. From January 1, 2006, all agreements between Schneider and Toren pertaining to the business of securities sales, third party marketing and/or hedge funds.

4. From January 1, 2006, all agreements between Schneider and Onyx Global Advisors and/or its affiliates and subsidiaries ("Onyx") pertaining to the business of securities sales, third party marketing and/or hedge funds.

5. From January 1, 2006, all agreements between Toren and Onyx pertaining to the business of securities sales, third party marketing and/or hedge funds.

6. From January 1, 2006 to date, all agreements between Schneider and Paradigm Global Advisors LLC pertaining to the business of securities sales, third party marketing and/or hedge funds.

"B"

7. From January 1, 2006 to date, all agreements between Toren and Paradigm Global Advisors LLC pertaining to the business of securities sales, third party marketing and/or hedge funds.

8. From January 1, 2006 to date, all agreements between Onyx and Paradigm Global Advisors LLC pertaining to the business of securities sales, third party marketing and/or hedge funds.

9. From January 1, 2006 to date, all agreements between Schneider and Puritan Securities Inc. pertaining to the business of securities sales, third party marketing and/or hedge funds.

10. From January 1, 2006 to date, all agreements between Toren and Puritan Securities Inc. pertaining to the business of securities sales, third party marketing and/or hedge funds.

11. From January 1, 2006 to date, all agreements between Onyx and Puritan Securities Inc. pertaining to the business of securities sales, third party marketing and/or hedge funds.

12. From January 1, 2006 documents (paper and electronic) that pertain to the Defendants' (individually, collectively or via Onyx) creation of a data base of individuals and entities pertaining to the business of securities sales, third party marketing and/or hedge funds.

13. From January 1, 2006 Defendants' (individually, collectively and via Onyx) data base of individuals and entities pertaining to the business of securities sales, third party marketing and/or hedge funds.

14. At all times, the names and contact information of individuals and entities contained in Defendants' (individually, collectively and via Onyx) data base that were formerly within HEDGECO's data base.

15. At all times, the names and contact information of individuals and entities contained in Defendants' (individually, collectively and via Onyx) data base that still remain within HEDGECO's data base.

16. From January 1, 2006, the names and contact information of individuals and entities with which Defendants' (individually, collectively and via Onyx) do business that previously did business with HEDGECO.

17. From January 1, 2006, the names and contact information individuals and entities with whom Defendants' (individually, collectively and via Onyx) do business that continue to do business with HEDGECO as well.

18. From January 1, 2006, communications (paper or electronic) between Schneider and Toren that pertain to ending their individual and/or collective business relationship(s) with HEDGECO.

19. From January 1, 2006, communications (paper or electronic) between Schneider and Toren that pertain to the formation of Onyx.

20. From January 1, 2006, communications (paper or electronic) between Schneider and Toren that pertain to the description of Onyx's business purpose and the nature of its business.

21. From January 1, 2006, communications (paper or electronic) from Onyx, created by or at the direction of Schneider or Toren, for communication to third parties, which pertain to the description of Onyx's business purpose and the nature of its business.

22. From January 1, 2006, communications (paper or electronic) from or to Schneider that reference HEDGECO.

3

23. From January 1, 2006, communications (paper or electronic) from or to Toren that references HEDGECO.

24. From January 1, 2006, communications (paper or electronic) from or to Onyx that reference HEDGECO.

25. From January 1, 2006 all records relating to transactions involving persons and entities within Onyx's data base that were formerly within the HEDGECO data base.

26. From January 1, 2006 all records relating to transactions involving persons and entities within Onyx's data base that remain within the HEDGECO data base as well.

27. All documents pertaining to the Defendant's deletion of persons and entities within the HEDGECO data base.

28. All documents that evidence overlapping of data base persons and entities between and among: Schneider, Toren, Onyx and HEDGECO.

Dated: March 11, 2008

Andrew Small, Esq. (AS-1294)
**Attorney for the Plaintiff**
230 Park Avenue Ste. 2525
New York, NY 10169
Tel. 212.983.0921
Fax 212.656.1037
Mobile: 917.445.0495
E-mail: ABSLawyer@comcast.net

Cc:   **Attorneys for Defendants**
      Eric Weinstein, Esq.
      Feldman Weinstein & Smith LLP
      420 Lexington Avenue
      New York, NY 10170
      Tel. (212) 869-7000
      Email: eweinstein@feldmanweinstein.com

4

**EXHIBIT C**

**Andrew Small, Esq.**
**A. Bruce Small PLLC**
**230 Park Avenue Suite 2525**
**New York, NY 10169**
Tel. 212.983.0921
Fax 212.656.1037
Mobile: 917.445.0495
E-mail: ABSLawyer@comcast.net

March 3, 2008

Eric Weinstein, Esq.
Feldman Weinstein & Smith LLP
420 Lexington Avenue
New York, New York 10170

    Re:    <u>Hedgeco LLC v. Jeffrey Schneider and Jared Toren</u>
            Case no. 08 CV 00494 (SHS)

Dear Mr. Weinstein:

Please recall I represent Hedgeco LLC ("Hedgeco"). Enclosed please find (1) the First Amended Complaint and (2) a courtesy copy of the document retention letter to Onyx.

As always, please contact me if you have any questions or wish to discuss the matter in further detail.

Very truly yours,

Andrew Small, Esq.

"C"

**EXHIBIT D**

Wed 3/12/2008 10:15 PM
RE: Hedgeco v. Schneider, et al.
Andrew Small [abslawyer@comcast.net]
'Eric Weinstein'

Subpoena List A 03      Subpoena       Subpoena (ONYX) 03   Subpoena (TOREN)
11 08 (to Schneider-T(SCHNEIDER) 03 11 0      11 08.pdf          03 11 08.pdf

I waited until late, but I did not hear back from you re: unconditional acceptance of service and proper objection. As such, enclosed are the subpoenas and List "A" to be served upon your clients and Onyx Global Advisors for document production. As always, please contact me if you have any questions or wish to discuss the matter in further detail.

Regards,
Andy


Andrew Small, Esq.
A. Bruce Small PLLC
230 Park Avenue Ste. 2525
New York, NY 10169
Tel. 212.983.0921
Fax. 212.656.1037
Cell. 917.445.0495
email ABSLawyer@comcast.net

The contents/attachment(s) are proprietary and confidential to the intended recipient(s), and not for dissemination to any third party (ies). Further, no tax advice shall be expressly or impliedly provided by this message and/or the contents herein. Please advise sender if this message is received in error.