Received: 2008-04-08 19:43:02 (GMT)    Apr 8 2008 03:43pm    From Andrew Small
To: Hon. Sidney H. Stein    Page 6 of 8    1212561073

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/08
```

UNITED STATES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
HEDGECO, LLC d/b/a HEDGECO NETWORKS  )
                                     )
                         Plaintiff,  )   Case No. 08 CV 00494
                                     )        (SHS)
                                     )
-against-                            )
                                     )
JEFFREY SCHNEIDER and                )
JARED TOREN,                         )
                                     )
                         Defendants. )
---------------------------------------x

### Confidential Disclosure Agreement

**Whereas**, there is litigation pending as above-captioned, and

**Whereas**, Andrew Small, Esq. for Brian Reis, Esq. is Attorney for the Plaintiff (Plaintiff's Counsel), and

**Whereas**, Eric Weinstein, Esq. and Feldman Weinstein & Smith LLP 420 Lexington is Attorney for the Defendants Schneider and Toren (hereinafter "Defense Counsel") and

**Whereas**, Defense Counsel desires to see certain documents and electronic data that may pertain to the litigation, but that have not necessarily been reviewed or redacted by Plaintiff's Counsel, and which are likely to contain confidential and proprietary or otherwise privileged and/or protected information regarding entities and individuals, which documents and information therein may not be subject to production and/or that may be produced only after redaction.

**Accordingly**, this Confidential Disclosure Agreement (the "Agreement") is entered into between Plaintiff's Counsel and Defense Counsel, as follows:

A. Plaintiff's Counsel will provide all documents and electronic data (individually and collectively "documents") in his possession pertaining to the litigation, without waiver or limitation of any objection, privilege, confidence, or any other such right as be may available by statute, case law, rule, or ethical obligation. The documents are provided to Defense Counsel on an "AS IS" basis and Plaintiff's Counsel makes no warranties, express or implied, regarding the accuracy, use or functionality of the documents or the information therein.

B. For purposes of evaluating the aforementioned documents as potentially subject to production for the litigation, and only for that purpose, the Defense Attorney may review the foregoing in this office for a reasonable period of time; however, Defense Counsel made neither use, record, copy, photograph, reproduce or disseminate any of the foregoing documents to any third party, in whole or in part, nor likewise use or provide to any third party any information contained within the documents, in whole or in part, for any purpose whatsoever, absent written waiver and production by Plaintiff's Counsel. This includes, but is not limited to: Defense Counsel's clients, their associates and agents, members and employees and agents of his law firm.

C. Solely for purposes of evaluation as to the potential of a document for disclosure as demanded by Defense Counsel, Defense Counsel may tag the document with a post-it and/or identify the document in a list that is to be provided to Plaintiff's Counsel, such that Defense Counsel shall not retain a copy of the list so as to further protect inadvertent disclosure. However, the list shall be maintained and not be destroyed by Plaintiff's Counsel. Plaintiff's Counsel shall however be entitled to the list after it is redacted by Plaintiff's Counsel to the extent deemed necessary in Plaintiff's Counsel's discretion to protect confidentiality and privilege.

D. After the foregoing review of documents, Plaintiff's Counsel will endeavor to determine if the documents requested by such notation and/or list should be produced in Plaintiff's Counsel's sole discretion and, further, whether or not redaction shall be necessary to do so. Subject to redaction and any other limitations as set forth prior (i.e. objectionable) the documents requested that are allowed to be produced by Plaintiff's Counsel will be produced as expeditiously as possible

E. If Plaintiff's Counsel allows Defense Counsel to remove documents from the premises or via electronic medium, there shall be no waiver or limitation of the terms of this agreement and a written record of the materials removed shall be made and provided to Plaintiff's Attorney beforehand as a receipt therefor.

F. At the completion of the document examination by Defense Counsel and prior to 3:00PM, Wednesday April 9, 2005, all documents and/or electronic medium shall be returned in the order and manner as provided and without any markings or notations or changes whatsoever, (except with such post-its where applicable) along with the aforementioned list.

G. Defense Counsel agrees that violation of this agreement will provide irreparable harm such that there is no adequate remedy at law. As such, this Agreement may be enforced against Defense Counsel to prevent disclosure, or further disclosure, by injunctive relief in the Unites States District Court, S.D.N.Y. In such instance, the posting of a security shall not be necessary or required

2

H. Plaintiff's Counsel may have this Agreement "So Ordered" without further notice.

I. An email copy may be deemed an original.

Dated: April 8, 2008
    New York, NY

_____
Eric Weinstein, Esq. (      )
Feldman Weinstein & Smith LLP
420 Lexington Avenue
New York, NY 10170
Tel. (212) 869-7000
Email: eweinstein@feldmanweinstein.com

_____
Andrew Small, Esq. (AS-1294)
230 Park Avenue Suite 2525
New York, NY 10169
Tel. 212.983.0921
Fax 212.656.1037
Mobile: 917.445.0495
E-mail: ABSLawyer@comcast.net

*This confidentiality agreement may be amended for good cause.*

So Ordered: 4/8/07

_____
~~Judge~~, U.S.D.J.